**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRITINA S. MAYS,

                     Plaintiff,

v.                                  Case No.: 8:26-cv-1097

INNOVACARE PARTNERS, LLC d/b/a      JURY TRIAL DEMANDED
BRADENTON EAST INTEGRATIVE
MEDICINE, P.A.,

                     Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BRITINA S. MAYS ("Plaintiff" or "Ms. Mays"), by and through

undersigned counsel, sues Defendant, INNOVACARE PARTNERS, LLC d/b/a

BRADENTON EAST INTEGRATIVE MEDICINE, P.A. ("Defendant"), and

alleges as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages and equitable relief arising under the Americans

with Disabilities Act of 1990, as amended by the ADA Amendments Act of

2008, 42 U.S.C. § 12101, et seq. ("ADA"); Section 504 of the Rehabilitation

Act of 1973, 29 U.S.C. § 794 ("Section 504"); and the Florida Civil Rights

Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the laws of the United States, and supplemental jurisdiction over the FCRA claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Manatee County, Florida, and Defendant conducts business within this District and Division.

4. All conditions precedent to the filing of this action have been performed, excused, or waived. Plaintiff timely filed a Charge of Discrimination, dual-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), on August 20, 2025, and this action is timely filed following the EEOC's issuance of a Notice of Right to Sue.

**PARTIES**

5. Plaintiff, Britina S. Mays, is an individual sui juris who, at all times material hereto, resided in Florida and was employed by Defendant in Manatee County, Florida.

6. Defendant, InnovaCare Partners, LLC, is a foreign limited liability company authorized to and doing business in the State of Florida, which, at all times material hereto, did business as Bradenton East Integrative Medicine, P.A.,

operating a medical clinic located at 8614 State Road 70 E, Suite 200, Bradenton, Florida 34202.

7. At all times material hereto, Defendant employed fifteen (15) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and was Plaintiff's "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5); the FCRA, Fla. Stat. § 760.02(7); and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

8. At all times material hereto, Defendant was a recipient of federal financial assistance, including, but not limited to, Medicare and/or Medicaid reimbursements and other federal health-care program funds, and is therefore subject to the requirements of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## GENERAL ALLEGATIONS

9. Plaintiff commenced employment with Defendant on or about February 17, 2025, as a Patient Care Coordinator at BEIM's Bradenton, Florida clinic.

10. At all times material hereto, Plaintiff was qualified for her position, performed the essential functions of her job with or without reasonable accommodation, and met Defendant's legitimate performance expectations.

11. Plaintiff suffers from iron-deficiency anemia and a chronic gastrointestinal condition. These impairments substantially limit one or more of Plaintiff's

major life activities, including, but not limited to, the operation of major bodily functions such as the hemic, circulatory, and digestive systems, as well as the major life activities of eating, caring for herself, and working.

12. Plaintiff's iron-deficiency anemia requires periodic, medically necessary intravenous iron-infusion treatments administered by her treating physician.

13. At all times material hereto, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA, 42 U.S.C. § 12111(8); the FCRA, Fla. Stat. § 760.10; and Section 504, 29 U.S.C. § 794.

14. Defendant, through Plaintiff's direct supervisor, Beth Bernstein, and through their human-resources function, had actual knowledge of Plaintiff's disabilities and her need for scheduled medical appointments, including iron-infusion treatments and appointments related to her gastrointestinal condition.

15. Plaintiff requested reasonable accommodations from Defendant, including, but not limited to, time off to attend her scheduled iron-infusion appointments, permission to use the restroom as medically necessary due to her gastrointestinal condition, and excused absences supported by medical documentation.

16. The need for reasonable accommodation was further obvious to Defendant based on Plaintiff's open communications with her supervisor, the scheduling

of her infusion appointments, her provision of medical documentation, and her disability-related absences.

17. Defendant refused to engage in the interactive process required by the ADA, FCRA, and Section 504, and failed to provide Plaintiff with reasonable accommodations for her known disabilities.

18. Instead of accommodating Plaintiff's disabilities, Ms. Bernstein subjected Plaintiff to a pattern of disability-based harassment, including, without limitation: (a) texting Plaintiff during an iron-infusion appointment to question her whereabouts and the length of time the treatment was taking; (b) monitoring and questioning the amount of time Plaintiff spent using the restroom for her gastrointestinal condition; and (c) following Plaintiff to her vehicle to confront her regarding where she had parked.

19. On or about June 9, 2025, Plaintiff was absent from work due to her disability and provided a doctor's note supporting the absence.

20. On the morning of June 10, 2025, upon Plaintiff's return to work, Ms. Bernstein publicly confronted Plaintiff in the presence of a patient regarding Plaintiff's medically necessary absence, in a manner that Plaintiff experienced as harassment targeted at her disability and her disability-related absences.

21. Later that same day, June 10, 2025, Plaintiff submitted a written complaint via email to Defendant's human-resources function, formally opposing the

hostile work environment and disability-related harassment to which she had been subjected, including being monitored and publicly confronted regarding conduct related to her medical conditions and her disability-related absences.

22. Plaintiff's June 10, 2025 written complaint constituted protected activity under the ADA, FCRA, and Section 504.

23. Within hours of Plaintiff's written complaint on June 10, 2025, Defendant terminated Plaintiff's employment. Any reasons proffered by Defendant for the termination are pretextual.

24. The harassment to which Plaintiff was subjected was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a work environment that a reasonable person would find, and that Plaintiff did find, hostile or abusive.

25. Defendant are vicariously liable for the unlawful conduct of Ms. Bernstein, who was Plaintiff's direct supervisor with the authority to affect the terms and conditions of Plaintiff's employment and who, acting within the course and scope of her employment, caused or materially contributed to the adverse actions taken against Plaintiff.

26. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits (past and future), loss of earning capacity, emotional pain, mental

anguish, humiliation, inconvenience, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

27. Defendant's conduct was intentional, willful, and undertaken with malice or with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to punitive damages under the ADA, FCRA and Section 504.

28. Plaintiff has been required to retain the undersigned counsel to prosecute this action and has agreed to pay counsel reasonable attorney's fees and costs, for which Defendant are liable pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a(b), and Fla. Stat. § 760.11(5).

## <u>COUNT I</u>

## <u>FAILURE TO ACCOMMODATE — AMERICANS WITH DISABILITIES ACT</u>

29. Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. At all times material hereto, Plaintiff had a disability within the meaning of the ADA, 42 U.S.C. § 12102, in that she suffered from a physical impairment (iron-deficiency anemia and a chronic gastrointestinal condition) that substantially limits one or more major life activities, including major bodily functions.

31.  Plaintiff was a qualified individual within the meaning of 42 U.S.C. § 12111(8), in that she could perform the essential functions of her position with or without reasonable accommodation.

32.  Defendant knew of Plaintiff's disabilities and her need for reasonable accommodation.

33.  Plaintiff requested reasonable accommodations, including time away from work to attend scheduled iron-infusion appointments, permission to use the restroom as medically necessary, and excused disability-related absences supported by medical documentation.

34.  The accommodations requested and needed by Plaintiff were reasonable and would not have imposed an undue hardship on Defendant.

35.  Defendant refused to engage in the interactive process in good faith and failed to provide Plaintiff with a reasonable accommodation, in violation of 42 U.S.C. § 12112(b)(5)(A).

36.  As a direct and proximate result of Defendant's failure to accommodate, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages (including back pay, front pay, and damages for emotional distress), punitive damages, prejudgment and post-judgment interest, reasonable

attorney's fees and costs pursuant to 42 U.S.C. § 12205, injunctive and equitable relief, and such other and further relief as the Court deems just and proper.

## COUNT II

### FAILURE TO ACCOMMODATE — FLORIDA CIVIL RIGHTS ACT

37.   Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

38.   At all times material hereto, Plaintiff had a disability or handicap within the meaning of the FCRA, Fla. Stat. § 760.10.

39.   Plaintiff was a qualified individual who could perform the essential functions of her position with or without reasonable accommodation.

40.   Defendant knew of Plaintiff's disabilities and her need for reasonable accommodation.

41.   Plaintiff requested reasonable accommodations for her known disabilities; alternatively, the need for accommodation was obvious to Defendant.

42.   The accommodations requested and needed by Plaintiff were reasonable and would not have imposed an undue hardship on Defendant.

43.   Defendant failed and refused to provide reasonable accommodations and failed to engage in the interactive process, in violation of Fla. Stat. § 760.10.

44.   As a direct and proximate result of Defendant's failure to accommodate, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs pursuant to Fla. Stat. § 760.11(5), injunctive and equitable relief, and such other and further relief as the Court deems just and proper.

## COUNT III

### FAILURE TO ACCOMMODATE — SECTION 504 OF THE REHABILITATION ACT

45. Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

46. At all times material hereto, Plaintiff was an individual with a disability within the meaning of Section 504, 29 U.S.C. § 705(20) and 29 U.S.C. § 794.

47. Plaintiff was otherwise qualified for her position in that she could perform the essential functions of the position with or without reasonable accommodation.

48. At all times material hereto, Defendant were recipients of federal financial assistance subject to Section 504.

49. Defendant knew of Plaintiff's disabilities and her need for reasonable accommodation.

50. Plaintiff requested reasonable accommodations for her known disabilities; alternatively, the need for accommodation was obvious to Defendant.

51. The accommodations requested and needed by Plaintiff were reasonable and would not have imposed an undue burden or fundamentally altered Defendant's programs or activities.

52. Defendant failed and refused to provide reasonable accommodations solely by reason of Plaintiff's disabilities, in violation of 29 U.S.C. § 794.

53. As a direct and proximate result of Defendant's failure to accommodate, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs pursuant to 29 U.S.C. § 794a(b), injunctive and equitable relief, and such other and further relief as the Court deems just and proper.

## COUNT IV

### RETALIATORY HOSTILE WORK ENVIRONMENT — ADA

54. Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

55. Plaintiff engaged in activity protected by the ADA, including requesting reasonable accommodations for her known disabilities and formally opposing, in writing on June 10, 2025, conduct that she reasonably and in good faith believed constituted unlawful disability-based discrimination and harassment.

Page 11 of 19

56. After and because of Plaintiff's protected activity, Defendant subjected Plaintiff to unwelcome harassment, including, without limitation, being monitored and confronted regarding her disability-related bathroom use, being contacted during medical treatment to question her whereabouts, being followed to her vehicle, and being publicly confronted in front of a patient about her disability-related absence.

57. The harassment was based on Plaintiff's protected activity and her requests for reasonable accommodation.

58. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and to create a work environment that a reasonable person would find, and that Plaintiff did find, hostile or abusive, and such that it might well dissuade a reasonable worker from engaging in protected activity.

59. A basis exists for employer liability because the harassment was perpetrated by Plaintiff's direct supervisor with the authority to affect the terms and conditions of her employment and/or because Defendant knew or should have known of the harassment and failed to take prompt, effective remedial action.

60. Defendant's conduct violated 42 U.S.C. § 12203(a).

61. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205, injunctive and equitable relief, and such other and further relief as the Court deems just and proper.

## COUNT V

## RETALIATORY HOSTILE WORK ENVIRONMENT — FCRA

62. Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

63. Plaintiff engaged in activity protected by the FCRA, including requesting reasonable accommodations for her known disabilities and formally opposing, in writing on June 10, 2025, conduct that she reasonably and in good faith believed constituted unlawful disability-based discrimination and harassment.

64. After and because of Plaintiff's protected activity, Defendant subjected Plaintiff to unwelcome harassment as described in the General Allegations.

65. The harassment was based on Plaintiff's protected activity.

66. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a work environment that a reasonable person would find, and that Plaintiff did find, hostile or abusive, and such that it might well dissuade a reasonable worker from engaging in protected activity.

67.	A basis exists for employer liability as set forth above.

68.	Defendant's conduct violated Fla. Stat. § 760.10(7).

69.	As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs pursuant to Fla. Stat. § 760.11(5), injunctive and equitable relief, and such other and further relief as the Court deems just and proper.

## COUNT VI

## RETALIATORY HOSTILE WORK ENVIRONMENT — SECTION 504

70.	Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

71.	At all times material hereto, Defendant were recipients of federal financial assistance subject to Section 504.

72.	Plaintiff engaged in activity protected by Section 504, including requesting reasonable accommodations for her known disabilities and formally opposing, in writing on June 10, 2025, conduct that she reasonably and in good faith believed constituted unlawful disability-based discrimination and harassment.

73.	After and because of Plaintiff's protected activity, Defendant subjected Plaintiff to unwelcome harassment as described in the General Allegations.

74. The harassment was based on Plaintiff's protected activity.

75. The harassment was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create a work environment that a reasonable person would find, and that Plaintiff did find, hostile or abusive.

76. A basis exists for employer liability as set forth above.

77. Defendant's conduct violated 29 U.S.C. § 794 and its implementing regulations, including 34 C.F.R. § 100.7(e) (incorporated by 34 C.F.R. § 104.61).

78. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs pursuant to 29 U.S.C. § 794a(b), injunctive and equitable relief, and such other and further relief as the Court deems just and proper.

## COUNT VII

### RETALIATORY DISCHARGE — ADA

79. Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

80. Plaintiff engaged in activity protected by the ADA, including requesting reasonable accommodations for her known disabilities and submitting a

written complaint on June 10, 2025, opposing conduct she reasonably and in good faith believed constituted unlawful disability-based discrimination and harassment.

81. Defendant took a materially adverse employment action against Plaintiff by terminating her employment on June 10, 2025.

82. A causal connection exists between Plaintiff's protected activity and her termination, as evidenced by, among other things, the fact that Plaintiff was terminated within hours of submitting her written complaint. The reasons proffered by Defendant for Plaintiff's termination are pretextual.

83. But for Plaintiff's protected activity, Defendant would not have terminated her employment.

84. Defendant's conduct violated 42 U.S.C. § 12203(a).

85. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages (including back pay, front pay, and damages for emotional distress), punitive damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205, injunctive and equitable relief (including reinstatement), and such other and further relief as the Court deems just and proper.

## COUNT VIII

### RETALIATORY DISCHARGE — FCRA

86. Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

87. Plaintiff engaged in activity protected by the FCRA, including requesting reasonable accommodations for her known disabilities and submitting a written complaint on June 10, 2025, opposing conduct she reasonably and in good faith believed constituted unlawful disability-based discrimination and harassment.

88. Defendant took a materially adverse employment action against Plaintiff by terminating her employment on June 10, 2025.

89. A causal connection exists between Plaintiff's protected activity and her termination, as evidenced by, among other things, the fact that Plaintiff was terminated within hours of submitting her written complaint. The reasons proffered by Defendant for Plaintiff's termination are pretextual.

90. Defendant's conduct violated Fla. Stat. § 760.10(7).

91. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages (including back pay, front pay, and damages for emotional distress), punitive damages, prejudgment and post-judgment interest, reasonable

attorney's fees and costs pursuant to Fla. Stat. § 760.11(5), injunctive and equitable relief (including reinstatement), and such other and further relief as the Court deems just and proper.

## COUNT IX

### RETALIATORY DISCHARGE — SECTION 504

92. Plaintiff re-alleges and incorporates by reference the general allegations set forth in paragraphs 1 through 28 above as if fully set forth herein.

93. At all times material hereto, Defendant were recipients of federal financial assistance subject to Section 504.

94. Plaintiff engaged in activity protected by Section 504, including requesting reasonable accommodations for her known disabilities and submitting a written complaint on June 10, 2025, opposing conduct she reasonably and in good faith believed constituted unlawful disability-based discrimination and harassment.

95. Defendant took a materially adverse employment action against Plaintiff by terminating her employment on June 10, 2025.

96. A causal connection exists between Plaintiff's protected activity and her termination, as evidenced by, among other things, the fact that Plaintiff was terminated within hours of submitting her written complaint. The reasons proffered by Defendant for Plaintiff's termination are pretextual.

97. Defendant's conduct violated 29 U.S.C. § 794 and its implementing regulations, including 34 C.F.R. § 100.7(e) (incorporated by 34 C.F.R. § 104.61).

98. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered the damages described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, prejudgment and post-judgment interest, reasonable attorney's fees and costs pursuant to 29 U.S.C. § 794a(b), injunctive and equitable relief (including reinstatement), and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

99. Plaintiff hereby demands trial by jury on all issues and claims so triable as of right.

Dated: 16th day of April, 2026.

/s/ Frank M. Malatesta
FRANK M. MALATESTA, ESQ.
Florida Bar No. 00097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard,
Suite 235
Venice, Florida 34285
Telephone: (941) 256-3812
Facsimile: (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel for Plaintiff*